IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH SHEA,<br><br>             Plaintiff,<br><br>      vs.<br><br>RYLA TELESERVICES,<br><br>             Defendant.<br>_____/ | CASE NO. 1:11-cv-0626-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS ON PARTIES' JOINT MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF FLSA SETTLEMENT** |

## I.   INTRODUCTION

Pending before the Court is the joint motion of Defendant Ryla Teleservices, Inc. ("Defendant") and Plaintiffs Elizabeth Shea, Barbara Gurtin and the Opt-in Plaintiffs (collectively, "Plaintiffs") (Plaintiff and Defendant are collectively referred to as the "Parties") for conditional certification of a Fair Labor Standards Act ("FLSA") collective action and preliminary approval of their FLSA settlement. (Doc. 75.) Having considered the moving papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations.

## II.   BACKGROUND

Plaintiffs filed their Complaint against Defendant on April 19, 2011.[1] (Doc. 1.) Plaintiffs alleged that they and other similarly situated customer service representatives at Defendant's Clovis, California call center were denied pay for working before and after their shifts each day and were paid late. Plaintiffs brought claims for violations of (1) the FLSA; (2) the California State Labor Code; (3) the California Wage Payment Provision of the California Labor Code (4) the California Wage Statement Provision of the California Labor Code; and (5) the California Unfair Competition Law. (*Id.*) Defendant filed its answer on June 3, 2011. (Doc. 25.) Since the filing of the complaint, forty-three (43) opt-in Plaintiffs have filed consents to join the case. (Declaration of David Schlesinger "Schlesinger Decl." at ¶ 2.)

On May 7, 2012, the Parties informed the Court a tentative settlement had been reached. (Doc. 64.) On September 11, 2012, the Parties filed the instant Amended Motion for conditional certification and preliminary approval of their FLSA settlement. (Doc. 76.)

## III.   THE PROPOSED SETTLEMENT AND SETTLEMENT PROCEDURE

The Parties executed their settlement agreement as of August 27, 2012. (Joint Mot., Doc. 76, 5: 22-23.) The settlement agreement concerns resolution of Plaintiffs' FLSA claims, as well as collective claims of the FLSA opt-in class. At final approval, the named and opt-in Plaintiffs will stipulate to dismiss their state-law claims with prejudice and to dismiss the claims of the putative class without prejudice.

Defendant has agreed to pay a settlement amount of $500,000, $129,359.46 of which will be allocated as attorneys' fees, costs and expenses. (Schlesinger Decl. ¶ 18.) The net settlement amount - $370,640.29- will be allocated to the named and individual opt-in Plaintiffs, as well as

---

[1] This case is one of seven collective actions brought by Ryla employees against Ryla, all involving the allegation that Ryla failed to pay its call center workers for pre- and post-shift work, and failed to pay them on time. The same counsel represent the Parties in all of these cases. The other cases are:
1. *Slaughter-Cabbell et al. v. Ryla Teleservices, Inc.*, Civ. No. 1:11-CV-00202 (N.D. Ga.);
2. *Johnson et al. v. Ryla Teleservices, Inc.*, Civ. No. 1:11-cv-4311 (N.D. Ga.);
3. *Robinson et al. v. Ryla Teleservices, Inc.*, Civ. No. 1:11-CV-00131 (S.D. Ala.);
4. *Dickenson et al. v. Ryla Teleservices, Inc.*, Civ. No. 11-CV-1208 (D. Co.);
5. *Hargrove et al. v. Ryla Teleservices, Inc.*, Civ. No. 2:11-cv-00344 (E.D. Va.); and
6. *Swarthout et al. v. Ryla Teleservices, Inc.*, Civ. No. 4:11-cv-0021 (N.D. In.).

anyone else who chooses to join the case so long as they worked as customer-service representatives at Ryla's Clovis, California call center from April 19, 2008 to the present. (Joint Mot., Doc. 76, 5-6.) Each Plaintiff's share of the settlement will be calculated pursuant the following formula: Reasonable recognition payments will first be deducted from the settlement fund. The remainder of the settlement fund will be divided by the total number of weeks worked by all settlement class members, and then multiplied by the number of weeks each individual settlement class member worked to determine each settlement class member's settlement payment. (Joint Mot., Doc. 76, 5-6.)

## IV.   DISCUSSION

### A.   Conditional Certification of an FLSA Collective Action

Section 216(b) of the FLSA allows employees to represent similarly situated co-workers in an action against their employer for failure to pay wages owed. 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). The decision to certify an FLSA collective action is within the discretion of the Court. *Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 989 (C.D. Cal. 2006). The FLSA does not define the term "similarly situated," and the Ninth Circuit Court of Appeals has not construed it. *Vasquez v. Coast Valley Roofing, Inc.,* 670 F. Supp. 2d 1114 (E.D. Cal. 2009).

Preliminary FLSA certification – sometimes referred to as the "notice" stage— "asks whether the employees are sufficiently similarly situated that notice should be sent to prospective plaintiffs[.]" *Kress v. PricewaterhouseCoopers, LLP,* 263 F.R.D. 623, 627 (E.D. Cal. 2009). The standard is "fairly lenient," and typically results in conditional certification. *Kress*, 263 F.R.D. at 628 (quoting *Wynn v. NBC*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)); *see also Gee v. Suntrust Mortg., Inc.*, 2011 WL 722111, at *2 (N.D. Cal. Feb. 18, 2011). At the "preliminary stage of FLSA collective action certification, it is sufficient that Plaintiffs and Class Members allege that [Defendant] had a common practice of failing to pay all legally required [] wages and overtime compensation to hourly [] workers." *Vasquez Valley Roofing,* 670 F. Supp. 2d at 1124.

For settlement purposes only, the Parties have stipulated that this matter is appropriate for conditional certification under the FLSA. The Court agrees that the named plaintiffs and putative

plaintiffs are similarly situated. Plaintiffs allege that Defendant required its non-exempt customer service call center employees to perform work before and after their shifts and failed to compensate them with overtime wages for that work during weeks in which they worked more than forty hours. All potential plaintiffs performed the same or similar job duties, including providing customer service by telephone to Defendant's customers by way of incoming calls and working out of the same call center. Named and putative plaintiffs' time and performance were tracked the same way, and they were allegedly required to perform off-the-clock work before and after their scheduled shifts. Lastly, the named and putative plaintiffs are paid on an hourly basis, typically scheduled to work a 40-hour week, and allegedly were not paid on time. Accordingly, the named and putative plaintiffs are sufficiently similarly situated for preliminary FLSA certification.

**B.     Preliminary Approval of the Settlement is Appropriate**

Generally, FLSA rights generally cannot be waived, and settlement of private actions for back wages pursuant to 29 U.S.C. § 219(c) must be approved by the district court. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982.) The decision of whether to approve a collective-action settlement lies within the trial court's discretion. *See id.* at 1350. In order to approve a settlement proposed by an employer and employees, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Id.* at 1355; *Lee v. The Timberland Co.*, No. C 07-2367 JF, 2008 WL 2492295, * 2 (N.D. Cal. June 19, 2008); *Yue Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 WL 172308, *2 (N.D. Cal. Jan. 17, 2007). If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Yue Zhou*, 2007 WL 172308, *2.

The Court finds the settlement between the parties to be a fair and reasonable resolution of a bona fide dispute. The Parties dispute whether current and potential plaintiffs performed compensable work before and after their shifts during the statutory period. The Parties also dispute whether late pay and *de minimus* unpaid work gives rise to a viable claim for damages under the FLSA. Absent a settlement, Defendants additionally intended to challenge certification of this action

on collective and class grounds.

A settlement of $500,000 is a fair and reasonable resolution of these bona-fide disputes. After deducting attorneys' fees and costs, $370,640.29 will be divided amongst the class of approximately 1,689 members, amounting to a recovery of approximately $219 per class member. (Schlesinger Decl., ¶ 18.) Plaintiffs estimate their potential damages, at a maximum, equaled $1,811,345.78. (Schlesinger Decl., ¶ 20.) However, Plaintiffs' FLSA damages are estimated to be between $105,975.59 and $179,193.86. (Schlesinger Decl., ¶ 18.) The remainder of these potential damages are derived from Plaintiffs' state law claims, which would be subject to the more rigorous certification inquires of Fed. R. Civ. P. 23.

Lastly, the Court notes that this is not a Rule 23 "opt-out" settlement in which a class member's inaction results in a waiver of his or her legal rights. As this case is being settled as an FLSA collective action, the only plaintiffs covered by the settlement will have affirmatively decided to participate in the case. Those who do not opt-in will not be releasing any potential claims against Defendant. Preliminarily, the settlement is fair, reasonable, and adequate and is in the best interest of the collective Plaintiffs in light of all known facts and circumstances.

The Court preliminarily finds that the Class members are similarly situated and that the Settlement Agreement appears to be a fair and reasonable resolution of a bona fide dispute. It appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this action. Additionally, it appears that the proposed settlement agreement was reached as a result of intensive, non-collusive, arms-length negotiations.

The Court hereby preliminarily approves the Parties' settlement agreement. The Court further appoints Elizabeth Shea as representative of the collective action. The Court further appoints Nichols Kaster, PLLP, as collective class counsel and as the settlement administrator. The Court approves, as to form and content, the proposed "Confidential Notice of Settlement" (the "Notice") attached as Exhibit A to the Parties Joint Motion for Preliminary Approval of FLSA Settlement (Doc. 75, Attach. 3), <u>subject to the following modifications.</u> Prior to sending the subject Notice to any putative

Plaintiff, Plaintiff is ORDERED to modify the Notice as follows:

      The Parties will notify each current and potential Plaintiff of the total amount of the settlement, as well as his or her estimated share of the settlement.  The Notice will also contain the total amount of attorneys' fees expected to be deducted from the settlement fund, as well as any enhancement awards expected to be sought for any representative(s) of the collective action.

      Each Plaintiff will have forty-five (45) days to accept or reject his or her settlement offer. Any Plaintiff who rejects the Settlement will be permitted will have his or her claims dismissed without prejudice, and have the statute of limitations on his or her claim tolled for ten business days following final approval of the settlement. Any Putative Plaintiffs who fails to respond to the notice of settlement after diligent efforts by Plaintiffs' counsel will not be a party to the settlement.

      In the event the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement.

      A hearing ("Fairness Hearing") shall be held before this Court on <u>December 3, 2012</u>, at 9:30 AM in Courtroom 8 in the United States District Court for the Eastern District of California, located at 1130 "O" Street, Fresno, California, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of this action on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve an enhancement payment for Elizabeth Shea and the amount of attorney fees and costs to be awarded Class Counsel, Nichols Kaster, PLLP.

      For purposes of effectuating this settlement, the Court preliminarily certifies an FLSA collective class compromising of: "all persons who worked for RYLA Teleservices as customer-service representatives, and individuals in similar positions that primarily involved providing service to customers through inbound telephone calls in its Clovis, California call center from April 19, 2008 to September 18, 2012."

## V. CONCLUSION

For the reasons stated above, this Court RECOMMENDS that the District Court GRANT preliminary approval of the proposed Settlement Agreement, the Notice, and the Claim Form.

These findings and recommendations are submitted to the United states District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §636(b)(1). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir. 1991).

To expedite resolution of these Findings and Recommendations, if the Parties do not have any objections, they should each file a "Notice of Non-Objection to Findings and Recommendations."

IT IS SO ORDERED.

Dated:   **September 18, 2012**             **/s/ Barbara A. McAuliffe**
                                                                  UNITED STATES MAGISTRATE JUDGE